IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

OXFORD EXPOSITIONS, LLC,
DR. EDWIN E. MEEK, and
JENNIFER ROBINSON                                                              PLAINTIFFS

v.                                                                          CIVIL ACTION NO. 3:10cv00095

QUESTEX MEDIA GROUP, LLC,                                                     DEFENDANTS

**OPINION AND ORDER**

Before the Court is Plaintiff, Oxford Expositions', Motion to Refer Case to Bankruptcy Court [49]. After reviewing the motion, response, rules, and authorities, the Court finds as follows:

**I. BACKGROUND**

This case involves a dispute stemming from alleged unlawful competition and solicitation by Oxford Expositions, LLC, Dr. Edwin Meek, and Jennifer Robinson ("Plaintiffs") in violation of contractual obligations. This case was originally filed by the Plaintiffs in the Chancery Court of Lafayette County, Mississippi, seeking injunctive and declaratory relief against Defendants Questex Media Group, LLC, OMG Winndown, Inc., OPI Winndown, Inc., and OCI Winndown, Inc. On October 1, 2010, Defendants filed a notice of removal. On October 22, 2010, Defendant Questex Media Group filed its answer and a counterclaim against the Plaintiffs, seeking injunctive and declaratory relief and monetary damages. Further, on October 26, 2010, Defendant filed a Motion for Preliminary

1

Injunction, requesting that the Plaintiffs be enjoined from engaging in competition and solicitation allegedly in violation of certain contractual obligations owed to Questex Media Group. On December 9, 2010, the parties entered into a Stipulation of Dismissal, dismissing Defendants OMG Winddown, Inc., OPI Winddown, Inc., and OCI Winddown, Inc. from this case. Thus, Questex Media Group is the only remaining Defendant.

On December 23, 2010, Oxford Expositions filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code. As such, the automatic stay provisions of 11 U.S.C. § 362 applies to this case insofar as it relates to Questex Media Group's counterclaims against Plaintiff Oxford Expositions. Due to the nature of the proceedings, Plaintiff Oxford Expositions has filed a Motion to Refer Case to Bankruptcy Court [49].

## II. ANALYSIS AND DISCUSSION

The bankruptcy court is a unit of the district court. 28 U.S.C. § 151. "Bankruptcy courts are courts of limited jurisdiction, with their scope defined by statute." In re Majestic Energy Corp., 835 F.2d 87, 89 (5th Cir. 1988); In re Paso Del Norte Oil Co., 755 F.2d 421, 423-24 (5th Cir. 1985). The limits of the jurisdiction of the bankruptcy court are established in 28 U.S.C. §§ 1334 and 157. "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the Bankruptcy Code], or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). However, as to the specific power of this unit of the district court, 28 U.S.C. § 157 provides:

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district. (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core

proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, . . . .

Therefore, under Section 157(a), each district court may provide that any or all cases under the Bankruptcy Code and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for the district. Standing orders of reference (providing for reference of all cases and proceedings as opposed to a case-by-case reference) have accordingly been entered by all or virtually all the district courts, including this court.[1]

The threshold issue raised by Plaintiff's Motion, then, is whether the bankruptcy court has jurisdiction (that is, any power or authority over this case) within the meaning of the foregoing statutes. The question of whether a particular matter constitutes a "core" proceeding or a "non-core" proceeding is a secondary issue, to be examined only after the bankruptcy court's jurisdiction is established. This secondary issue relates only to the extent to which a bankruptcy judge may exercise the limited jurisdiction of the court in which he or she sits. In re Majestic Energy Corp., 835 F.2d at 89-90; In re Wood, 825 F.2d 90, 91 (5th Cir. 1987). A bankruptcy judge has full judicial power over a core proceeding, but only limited judicial power over a non-core proceeding. Id. at 92.

By the clear terms of the jurisdictional statutes, the bankruptcy court's jurisdiction arises in three circumstances involving "any or all proceedings" (1) "arising under title 11 [the Bankruptcy Code]," (2) "arising in " a case brought under Title 11, or (3) "related to" a case under Title 11. As to "related to" jurisdiction, the Fifth Circuit has stated:

---

[1] See Order of Reference dated August 6, 1984 and entered on August 13, 1984, but effective nunc pro tunc as of June 27, 1984.

> The [Bankruptcy] Act does not define "related" matters. Courts have articulated various definitions of "related," but the definition of the Court of Appeals for the Third Circuit appears to have the most support: "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy. . . . We adopt it as our own.

In re Wood, 825 F.2d at 93 (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)) (emphasis in original). Therefore, the threshold question before the Court turns on whether the outcome of this action "could conceivably have any effect on the estate being administered in bankruptcy."

In the present case, Questex Media has counterclaimed against the Plaintiffs based on alleged unlawful competition and solicitation in violation of certain contractual obligations. This alleged unlawful competition and solicitation arises primarily out of the fact that Plaintiffs Meek and Robinson formed and conducted business through the company of Oxford Expositions. Currently in the bankruptcy court, Oxford Expositions has filed an Emergency Motion for Authority to Enter Into a Joint Venture. If such a motion is approved by the bankruptcy court, the joint venture will be conducting the same or similar business as Oxford Expositions conducted prior to its bankruptcy petition. As noted, this "business" previously conducted by Oxford Expositions is the underlying reason for Questex Media's counterclaim. For example, in Questex Media's Motion for Preliminary Injunction it states: "To the extent that Mr. Meek and Ms. Robinson are acting in contravention of their restrictive covenants through Oxford Expositions, LLC, Questex respectfully requests that the injunction also bar Oxford Expositions, LLC from engaging in such wrongful and unlawful conduct." Given this, among other issues present in the case, the Court concludes that the current action before it is inevitably intertwined with Plaintiff Oxford Expositions' bankruptcy proceeding.

Defendant Questex Media has even conceded this point: "Questex agrees that this proceeding could possibly relate to Oxford's pending bankruptcy case." Perhaps even more importantly, the possibility of inconsistent decisions between the bankruptcy court and this Court is certain to occur due to the inextricable overlapping of the issues between the two courts. Accordingly, the Court concludes that this case is necessarily tied to Oxford Exposition's Title 11 bankruptcy action, giving the bankruptcy court subject matter jurisdiction over the case.

However, the major dispute between the parties arises not over whether the bankruptcy court has jurisdiction. Rather, the primary dispute concerns whether this case is a core proceeding or a non-core proceeding. A bankruptcy court's adjudicative authority is constrained if a proceeding is non-core. Bankruptcy courts have full adjudicative power over core proceedings; however, in non-core proceedings they are restricted to issuing proposed findings of fact and conclusions of law, which the district court may adopt or reject. See In re Wood, 825 F.2d at 95. A non-exhaustive list of "core proceedings" appears in 28 U.S.C. § 157(b)(2). In In re Wood, "Judge Wisdom distilled the formula for [core proceedings] . . .: a proceeding is core under section 157 if it invokes the substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" Southmark Corp. v. Coopers & Lybrand, 163 F.3d 925, 930 (5th Cir. 1999) (quoting In re Wood, 825 F.2d at 97).

Despite the parties' dispute over whether this is a core or non-core proceeding, the Court currently declines to rule on such an issue. The Court has already determined that the bankruptcy court does indeed have subject matter jurisdiction over this case. Under 28 U.S.C.

Section 157(a), "any or all cases . . . related to a case under Title 11 *shall* be referred for the bankruptcy judges." (Emphasis added). Moreover, Section 157(b)(3) provides that

> [t]he *bankruptcy judge* shall determine . . . whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

28 U.S.C. § 157(b)(3) (Emphasis added). Therefore, since it has already been established that the action in this Court is tied to Oxford's Title 11 case, this case "shall" be referred to the bankruptcy court where the bankruptcy judge, under Section 157(b)(3), "shall" decide whether the proceedings are core versus non-core. See, e.g., Travellers Int'l AG v. Robinson, 982 F.2d 96, 97-98 (3d Cir. 1992) (commenting approvingly on district court's procedure of submitting core/non-core question to bankruptcy court for determination before district court decided motion to withdraw reference); In re Kara Homes, Inc. v. Zuhdi Karagjozi, 2009 WL 2223035 (D.N.J. July 22, 2009) (noting that "the bankruptcy judge, not the district court, determines whether a proceeding is core or non-core"); K & B Capital, LLC v. Ogden, 2005 WL 1799735 (W.D. Ky. July 26, 2005) (referring the case to the bankruptcy court for a determination of whether the case at bar constitutes a core proceeding); In Re G.F. Corp., 127 BR 384 (Bkrtcy N.D. Ohio 1991) (holding that the bankruptcy court may enter dispositive order on core/noncore issue); In re 1733 Ridge Road East, Inc., 125 B.R. 722 (W.D .N.Y. 1991) (holding it was for bankruptcy court, and not district court, to determine whether state law claims related to bankruptcy proceeding were core or noncore); In re Michigan Real Estate Ins. Trust, 87 B.R. 447 (E.D. Mich. 1988) (holding that it is the bankruptcy judge's province to determine core/noncore status of proceedings).

In sum, the Court concludes that this case is sufficiently tied to Oxford Expositions' currently pending bankruptcy proceeding, giving the bankruptcy court subject matter jurisdiction. However, the bankruptcy court's adjudicative authority will be constrained based on its determinations of the currently-disputed core versus non-core issues. Moreover, the Court notes that Questex Media's right to a jury trial – if entitled – on its counterclaim will remain intact. See 28 U.S.C. S 157(e); In re Clay, 35 F.3d 190 (5th Cir. 1994).

### III. CONCLUSION

For the reasons stated above, the Plaintiff's Motion to Refer Case to Bankruptcy Court [49] is GRANTED.

So ordered on this, the __25th__ day of March, 2011.

/s/   Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**